MICHAEL L. MALLOW (SBN 188745)
mmallow@loeb.com
MICHAEL THURMAN (SBN 123303)
mthurman@loeb.com
DARLENE M. CHO (SBN 251167)
dcho@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

Attorneys for Defendant
LIGHTS OF AMERICA, INC.

Michael Louis Kelly (SBN 82063)
mlk@kirtlandpackard.com
Behram V. Parekh (SBN 180361)
bvp@kirtlandpackard.com
KIRTLAND & PACKARD LLP
2361 Rosecrans Avenue, Fourth Floor
El Segundo, California 90245
Telephone: 310.536.1000

*Liaison Counsel for Plaintiffs*
*[Additional Plaintiff's Counsel on Signature Page]*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL SCHWARTZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LIGHTS OF AMERICA, INC., a California corporation; and DOES 1-10,<br><br>Defendants. | Case No.: 2:11-cv-01712-JVS-MLGx<br><br>(Consolidated with: 8:10-cv-01333-JVS-MLG)<br><br>Assigned to Hon. James V. Selna<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed: February 25, 2011 |

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2186154.1
216835-10003LA2183994.2
216835-10003

[PROPOSED] STIPULATED PROTECTIVE ORDER

## STIPULATED PROTECTIVE ORDER

It is hereby stipulated among NATHANIEL SCHWARTZ ("Schwartz"), plaintiff in *Schwartz v. Lights of America, Inc.*, Case No. 2:11-cv-01712-JVS-MLG (the "Schwartz Action"), CHRISTOPHER NELSON ("Nelson"), plaintiff in *Nelson v. Lights of America, Inc.*, Case No. 8:10-cv-01333-JVS-MLG (the "Nelson Action") (the Schwartz Action together with the Nelson Action, as consolidated by the Court, the "Action"), and defendant LIGHTS OF AMERICA, INC., a California corporation ("Defendant" or "LOA"), that the following procedures, once ordered and entered by the Court, shall govern the handling of any documents produced or deemed produced in this Action, depositions, deposition exhibits, testimony, all responses to written discovery, and all other discovery obtained in this Action, as well as the use of any document or other information designated by any party to this Action as being subject to this Protective Order:

## PURPOSE AND SCOPE

1.   Disclosure and discovery in this Action may involve the production of confidential, proprietary and/or private consumer information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted.  Accordingly, the Parties hereto stipulate to and petition the Court to enter this Stipulated Protective Order (the "Protective Order") pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 26(c) to protect against unauthorized disclosure of such information.

2.   This Protective Order shall govern not only the originals of "Confidential Material," as defined herein, but also all copies, and excerpts, summaries, or compilations thereof, materials derived therefrom, and testimony, conversations, or presentations by Parties or Counsel to or in Court, or in any other setting that contain confidential, proprietary, or private consumer information.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2186154.1
216835-10003LA2183994.2
216835-10003

2

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

## DEFINITIONS

3. The following terms, as used within this Protective Order are defined as follows:

a. <u>Action</u>: means and refers to the consolidated actions of *Schwartz v. Lights of America, Inc.*, United States District Court, Central District of California, Case No. 2:11-cv-01712-JVS-MLG, and *Nelson v. Lights of America, Inc.*, United States District Court, Central District of California, Case No. 8:10-cv-01333-JVS-MLG, and all actions now or later consolidated with these actions, through final judgment;

b. <u>Party or Parties</u>: means and refers to any party to this Action, including, in the case of parties other than individuals, their officers, directors, employees, and agents;

c. <u>Disclosure or Discovery Material</u>: means and refers to all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, tangible things, writings and information, whether in hard copy form, in electronically readable form, verbal, or otherwise) that are produced or generated in disclosures or responses to discovery in this Action;

d. <u>"Confidential Material"</u>: means and refers to (i) Personal Identifying Information or commercial, business, financial, and/or proprietary information which is confidential in accordance with law and claimed as such by any Party or non-party producing same; (ii) information subject to a legally protected right of privacy; (iii) personal consumer information subject to protection under the law; (iv) information that any Party or non-party in good faith believes poses a significant risk of business, competitive, or other harm if disclosed; and (v) proprietary or trade secret information, such as automated systems, financial strategies, marketing concepts and internal marketing strategies, pricing, customer or client lists, non-public development concepts or research and development related

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2186154.1
216835-10003LA2183994.2
216835-10003

3

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

to such concepts, supplier and vendor lists, costs of operations, and non-public aggregations of data and data analysis;

   e. <u>Personal Identifying Information</u>:  means and refers to personally identifiable and private information of consumers, including names, addresses, telephone numbers, email addresses, and bank account and credit card information.

   f. <u>Receiving Party</u>:  means and refers to a Party that receives Disclosure or Discovery Material from a Producing Party;

   g. <u>Producing Party</u>: means and refers to a Party or non-party that produces Disclosure or Discovery Material;

   h. <u>Designating Party</u>:  means and refers to a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential Material" in this Action;

   i. <u>Protected Material</u>:  means and refers to any Disclosure or Discovery Material that is designated as "Confidential Material";

   j. <u>Outside Counsel</u>:  means and refers to attorneys who are not employees of a Party but who are retained to represent or advise a Party, and shall include other persons employed by their law firms who are working on this Action;

   k. <u>House Counsel</u>:  means and refers to all attorneys who are employees of a Party, as well as paralegal assistants, secretaries, and clerical and administrative personnel who work with and/or assist such attorneys;

   l. <u>Counsel (without qualifier)</u>:  means and refers to Outside Counsel and House Counsel (as well as their support staffs);

   m. <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action.

## APPLICABILITY AND DURATION

4.  The provisions of this Protective Order shall apply to: (1) the Parties currently named or later joined in this Action; (2) any non-party who produces

Loeb & Loeb
A Limited Liability Partnership
Including Professional Corporations

LA2186154.1
216835-10003LA2183994.2
216835-10003

4

[PROPOSED] STIPULATED PROTECTIVE ORDER

1  Disclosure or Discovery Material in this Action; and (3) any non-party who receives
2  Disclosure or Discovery Material.  Any person from whom discovery is sought shall
3  be entitled to designate materials and testimony produced in this Action as
4  "Confidential Material" pursuant to the terms of this Protective Order.  Furthermore,
5  any Party or non-party, pursuant to this Protective Order, may, as hereinafter
6  provided, designate as "Confidential Material" Disclosure or Discovery Material
7  produced by any other Party or non-party that satisfies the definition of
8  "Confidential Material" above.  The confidentiality obligations imposed by this
9  Protective Order shall survive termination of the Action and shall remain in effect
10 until a Designating Party agrees otherwise in writing or a Court order otherwise
11 directs.
12       5.    The restrictions contained herein on the use or disclosure of Disclosure
13 or Discovery Material designated "Confidential Material," and the information
14 contained, therein shall not apply to any information, document or tangible thing
15 that:
16       a. prior to disclosure in discovery, is already in the possession of the
17 Receiving Party or is in the public domain through no fault of the Receiving Party;
18       b. has been obtained lawfully by a Receiving Party, other than through
19 discovery in this action, from a person who, to the best of such Receiving Party's
20 knowledge, was not at the time such information, document or tangible thing was
21 obtained by such Receiving Party, under a lawful duty to maintain such information,
22 document or tangible thing in confidence.
23       6.    Nothing in this Protective Order shall limit any Party's right to disclose
24 to any person, or use for any purpose, its own information, documents, or tangible
25 things.

26                    **DESIGNATION OF PROTECTED MATERIAL**
27       7.    <u>Manner And Timing Of Designations</u>.  Except as otherwise provided in
28 this Protective Order, or as otherwise stipulated or ordered, material that qualifies

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2186154.1
216835-10003LA2183994.2
216835-10003

5

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

for protection under this Protective Order must be clearly designated as such before the material is disclosed or produced. Designation in conformity with this Protective Order requires:

    a. <u>For documents</u> (apart from transcripts of depositions or other pretrial or trial proceedings): The designation "Confidential Material" should be made in the lower left hand corner of the document, or such other area of the document as to avoid obscuring any original material.

    b. <u>For discovery responses</u>, the designation "Confidential Material" should be made on the caption page; the Protected Material should be segregated from the remainder of the discovery responses and served separately.

    c. <u>Testimony</u> taken at a deposition, conference, or hearing, as well as exhibits used in connection with such testimony, may be designated as "Confidential Material" by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to bind separately such portions of the transcript containing information designated as Protected Material and to label such portions with the appropriate designation. Alternatively, any Party and any non-party that sponsors, offers, or gives the testimony may invoke on the record before the deposition or proceeding is concluded a right to have up to fifteen (15) days from the date of receipt of a copy of the transcript to identify the specific portions of the testimony as to which protection is sought. During the 15-day period, up to the date that designations are provided, the entire transcript shall be deemed "Confidential Material." Only those portions of the testimony that are appropriately designated for protection within the fifteen (15) day period shall be covered by the provisions of this Protective Order. A deposition transcript containing Protected Material shall not be filed with the Court unless submitted in accordance with the procedures set forth in paragraph 18 below.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2186154.1
216835-10003LA2183994.2
216835-10003

6

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

      d. <u>For information produced in some other form, and for any other tangible items</u>:  the Designating Party must affix in a prominent place on the exterior of any container, canister, disk, CD, DVD, or other media or receptacle in which Protected Material is kept or stored the legend "Confidential Material."  If there is no place upon which to put such legend, then the Designating Party must describe in writing and in sufficient detail the Protected Material, indicate whether the Protected Material is designated "Confidential Material" and provide this writing to all other Parties before or at the time production is made or, in the case of a production of Protected Material by a third party, within fifteen (15) days of that production.

8. <u>Inadvertent Failures To Designate</u>.  An inadvertent failure to designate Disclosure or Discovery Materials as Protected Material at the time of production or the designation of such materials may be remedied by supplemental written notice given by the Producing Party and reproduction of the item or document with a new confidentiality designation.  Upon receipt of same, all documents, materials, or testimony so designated or re-designated shall be fully subject to this Protective Order as if it had been initially so designated; provided, however, that the Receiving Party shall incur no liability for any previous treatment of such information in conformance with its original designation.  Any person or entity receiving such notice shall return or destroy all copies of material not appropriately designated, use the re-designated document or item going forward, and make a reasonable, good faith effort to insure that any documents, analyses, memoranda, or notes which were internally generated based upon such information shall immediately be treated in conformance with any such designation or re-designation.

9. <u>Inadvertent Production of Privileged Information</u>.  The inadvertent production of any alleged privileged document or other information during discovery in this Action shall be dealt with in accordance with Fed. R. Civ. P. 26(b)(5)(B).

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2186154.1
216835-10003LA2183994.2
216835-10003

7

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

## CHALLENGING CONFIDENTIALITY OBJECTIONS

10. <u>Timing Of Challenges</u>.  A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

11. <u>Meet And Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith by giving written notice of its challenge (the "Challenge") to the Designating Party and to all other Parties in the Action.  In its Challenge, the Challenging Party must explain the basis for its belief that the confidentiality designation is improper.  Within 10-days of the date of the Challenge, the Designating Party must state in writing to all Parties whether it will re-designate the Protected Material as requested in the Challenge.  If the Designating Party declines to re-designate the Protected Material, the Party initiating the Challenge may file a motion with the Court.  Prior to filing such motion, the Party initiating the Challenge must comply with the requirements of Civil Local Rule 37-1 and 37-2 for the United States District Court, Central District of California.

12. <u>Judicial Intervention</u>.  Upon such motion, it will remain the burden of the Designating Party to prove that the document or information in issue is entitled to protection.  As necessary, the motion must comply with the provisions of paragraph 18 below.  Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's last designation.

## ACCESS TO AND USE OF PROTECTED MATERIAL

13.  Except with the prior consent of the Designating Party or upon prior order of a court of competent jurisdiction, Protected Material shall not be disclosed except in accordance with the terms of this Protective Order.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party solely in connection with this case for litigating, defending, or attempting

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2186154.1
216835-10003LA2183994.2
216835-10003

8

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

to settle this litigation, including any appeals.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.  Protected Material must be stored and maintained by a Receiving Party at a location and in a reasonably secure manner that limits access to the Protected Material to persons authorized under this Protective Order. When the Action has terminated, a Receiving Party must comply with the provisions of paragraph 20 below.

14. <u>Disclosure of "Confidential Material"</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Discovery Material or any other information or item designated as "Confidential Material" only to the following:

a. the Receiving Party's Outside Counsel of record in this Action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for purposes of this litigation;

b. the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for purposes of this litigation;

c. Experts or consultants of the Receiving Party, and their staff, to whom disclosure is reasonably necessary for purposes of this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

d. the Court and its personnel, provided that any material filed as a public record with the Court must be submitted under seal in accordance with C.D. Local Rule 79-5, in camera, or as otherwise ordered by a court of competent jurisdiction;

e. Professional Vendors, including court reporters, copy services and their staffs, to whom disclosure is reasonably necessary for purposes of this litigation;

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2186154.1
216835-10003LA2183994.2
216835-10003

9

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

      f. during their depositions, witnesses in the Action to whom disclosure is reasonably necessary for purposes of this litigation and, if they are non-party witnesses, who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may not be disclosed to anyone except as permitted under this Protective Order; and

      g. the author of the document or the original source of the information or any recipients named on the document.

15. <u>Agreement To Be Bound By Protective Order</u>.

      a. Agreement Must Be Signed Prior To Disclosure: Each person to whom "Confidential Material" may be disclosed that is also required to sign the "Acknowledgement and Agreement to be Bound" (attached hereto as Exhibit A) shall do so prior to the time such Material is disclosed to him or her.

      b. Outside Counsel for each Party will be responsible for maintaining the originals of the "Acknowledgement and Agreement To Be Bound By Protective Order" until the conclusion of this Action, including any appeals. Upon request, Outside Counsel for each Party shall serve a copy of each such acknowledgment upon Outside Counsel for each other Party. The Parties agree not to use these acknowledgments for any purpose other than monitoring and enforcing compliance with this Protective Order.

      c. Any person who receives Protected Material pursuant to paragraph 14 above shall not knowingly disclose such information to any person who is not entitled to receive such information under this Protective Order or another order that compels such disclosure. Any such person will not use the Protected Material, or any information containing such, for business or competitive purposes or for any purpose other than the litigation or defense of this Action.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2186154.1
216835-10003LA2183994.2
216835-10003

10

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

## DEPOSITION PROCEDURES

16. At any deposition session, when use of a document or the answer to a question is likely to result in the disclosure of Protected Material, Counsel shall have the option, in lieu of taking other steps available under the Fed. R. Civ. P., to request that all persons other than the reporter, Counsel, and individuals specified in paragraph 14 above leave the deposition room during the "Confidential Material" portion(s) of the deposition.

## UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

17. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, or has caused to be filed Protected Material in a filing with this Court, the Receiving Party must immediately; (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; and (d) request such person or persons execute the "Acknowledgment and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A.

## FILING PROTECTED MATERIAL

18. A Party who files or intends to file with the Court Protected Material designated as "Confidential Material," or any document that reproduces, quotes from, paraphrases, or summarizes Protected Material designated as "Confidential Material," shall comply with C.D. Cal. Local Rule 79-5, which governs the procedures for filing material under seal, except as may be otherwise ordered by a court of competent jurisdiction. In any application to file under seal, the applicant shall identify for the Court, by paragraph or by page and line numbers, the portions of the document submitted for filing that reproduces, quotes from, paraphrases, or summarizes Protected Material designated as "Confidential Material."

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2186154.1
216835-10003LA2183994.2
216835-10003

11

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

## TRIAL PREPARATION AND TRIAL

19.     Nothing in this Protective Order shall purport to control the use of "Confidential Material" during trial, other matters of trial management, or oral argument on motions.

## RETURN OR DESTRUCTION OF DISCOVERY MATERIAL

20.     All provisions of this Protective Order restricting the use of information obtained during discovery shall continue to be binding after the conclusion of this Action.  Upon final termination of the Action, Outside Counsel for each Receiving Party shall, upon request, destroy or return to a Producing Party any documents and materials designated as "Confidential Material" and all copies or summaries thereof, except that the Receiving Party may retain one copy of any such material and any documents, copies or summaries containing attorney work product.  Within ninety (90) days following the final termination of the Action, upon request, the Receiving Party or its Outside Counsel shall submit a written certification to the Producing Party stating that all Protected Material was returned or destroyed and affirming that the neither the Receiving Party nor its Outside Counsel has retained any copies, abstracts, compilations or summaries, or reproduced or captured the Protected Material in any other form or manner other than the single copy allowed and any attorney work product.

## PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

21.     If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential Material," the Receiving Party shall, as soon as practicable,  notify the Producing and/or Designating Party in writing or by phone.  Such notification must include a copy of the subpoena or court order.  The Receiving Party shall, to the extent permitted by law, court rule or court order, withhold production of the requested Protected Material for seven (7) days after

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2186154.1
216835-10003LA2183994.2
216835-10003

12

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

1  giving such notice to enable the Producing and/or Designating Party to move to
2  quash or limit the subpoena or document demand or request for disclosure.  Should
3  the Producing and/or Designating Party make such a motion or take any other action
4  to limit the subpoena, document demand, or request for disclosure, the Receiving
5  Party shall withhold the production until the motion or other action is resolved,
6  provided a court order is obtained allowing the Party to do so.

7       22.     The Receiving Party must also promptly inform in writing the party
8  who caused the subpoena or order to issue in the other litigation that some or all of
9  the material covered by the subpoena is subject to this Protective Order.  In addition,
10 the Receiving Party must deliver a copy of this Protective Order promptly to the
11 party in the other action that caused the subpoena or order to issue.

## FURTHER MOTIONS NOT PRECLUDED

13      23.     Entry of this Protective Order shall be without prejudice to any motion
14 for relief from the provisions hereof or to any motion for further restriction on the
15 production, exchange, or use of any Disclosure or Discovery Material or other
16 information in the course of this Action; provided, however, that no Party subject to
17 this Protective Order shall make any such motion after the entry of a final judgment
18 or settlement in this Action.

## MISCELLANEOUS

20      24.     No Party waives any right it otherwise would have to object to
21 disclosing or producing any information or item on any ground not addressed in this
22 Protective Order.  Similarly, no Party waives any right to object on any ground to
23 the use in evidence of any of the material covered by this Protective Order.

24      25.     Any Party serving a subpoena on any non-party shall concurrently
25 deliver a copy of this Protective Order.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2186154.1
216835-10003LA2183994.2
216835-10003

13

[PROPOSED] STIPULATED PROTECTIVE ORDER

26. The Court shall retain jurisdiction over the parties and any other person subject to the terms of this Protective Order, to enforce the terms of this Protective Order, including subsequent to entry of judgment or settlement of this Action.

IT IS SO ORDERED.

Dated: November 23, 2011

*MARC L. GOLDMAN*

Hon. Marc L. Goldman
United States Magistrate Judge

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2186154.1
216835-10003LA2183994.2
216835-10003

14

[PROPOSED] STIPULATED PROTECTIVE ORDER

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ in the consolidated cases of *Schwartz v. Lights of America, Inc.*, United States District Court, Central District of California, Case No. 2:11-cv-01712-JVS-MLG (the "Schwartz Action") and *Nelson v. Lights of America, Inc.*, United States District Court, Central District of California, Case No. 8:10-cv-01333-JVS-MLG (the "Nelson Action," as consolidated with the Schwartz Action, the "Action"). I agree to comply with and to be bound by all the terms of this Protective Order I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Signature: _____

Printed name: _____

LA2186154.1
216835-10003LA2183994.2
216835-10003

15

[PROPOSED] STIPULATED PROTECTIVE ORDER

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations