UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 11-01712 JVS(MLGx) | Date | June 15, 2012 |
| Title | Nathaniel Schwartz, et al. v. Lights of America, Inc. | | |

Present: The Honorable    James V. Selna

| Adrianna Gonzalez | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS)** Order Denying Plaintiffs' Motion for Class Certification

  Plaintiffs Nathaniel Schwartz ("Schwartz") and Christopher Nelson ("Nelson"), on behalf of themselves and others similarly situated (collectively, "Plaintiffs"), seek class certification pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3). (Mot. Br., Docket No. 60.) Defendant Lights of America ("LOA") opposes the Motion. (Opp'n Br., Docket No. 62.) Plaintiffs replied. (Reply Br., Docket No. 63.) For the following reasons, the Motion is DENIED.[1]

I. Background

  This action arises from allegations that LOA deceptively marketed its LED lamps by overstating their light output and lifetime, without substantiation. LOA's alleged conduct has given rise to FTC and private civil actions.

  The FTC filed an action against LOA on September 7, 2010 for violation of the FTC Act, 15 U.S.C. § 45(a), which prohibits "unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce." The FTC seeks permanent injunctive relief and other equitable relief to redress consumer injury, including rescission, restitution, refund, and disgorgement. (FTC v. LOA, SACV 10-1333 JVS (MLGx) ("FTC Action"), Docket No. 42.) The Court awarded FTC partial summary judgment on April 25, 2012, finding as a matter of law that LOA made false or unsubstantiated statements on its product packaging that the LED lamps would "replace"

---

[1] The Court relies exclusively on admissible evidence in deciding this Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01712 JVS(MLGx) | Date | June 15, 2012 |
|---|---|---|---|
| Title | Nathaniel Schwartz, et al. v. Lights of America, Inc. | | |

certain wattage lamps. (FTC Action, Docket No. 243.) The Court found that there were genuine disputes of material fact regarding LOA's claims about the lifetime of its LED lamps. (Id.) LOA was awarded summary judgment with respect to the lumen output claims. (Id.) The summary judgment proceeding did not cover remedies; the parties have not yet proceeded to trial on the balance of the claims; and no settlement has been reached. (Id.)

Schwartz filed this action on February 25, 2011, alleging substantially similar facts as those alleged in the FTC Action. (Compl., Docket No. 1.[2]) He alleges that LOA unlawfully advertised, marketed, and sold LED lamps by making false claims about the lamps' watt equivalency, lumen output, and life spans. Schwartz asserts causes of action for (1) violation of California's false advertising law ("FAL"), California Business and Professions Code §§ 17500 et seq., (2) violation of California's unfair competition law ("UCL"), California Business and Professions Code §§ 17200 et seq., and (3) violation of California's Consumer Legal Remedies Act ("CLRA"), California Civil Code §§ 1750 et seq. Schwartz seeks preliminary and permanent injunctive relief, restitution and disgorgement, an accounting, fees and costs, and other relief the Court may deem just and proper. (See Compl., Prayer for Relief.) He brings the action on behalf of himself and a putative class of persons in the United States that purchased LOA's LED products within the statutory limitations periods applicable to the causes of action asserted. (Id. ¶ 48.) As a case related to the first-filed FTC Action, the Schwartz action was transferred to this particular Court from the Western Division of this District on March 7, 2011. (Docket No. 9.)

A third action, Nelson v. Lights of America, Inc. ("Nelson action"), CV 11-05873 JVS (MLGx)[3], was filed in the Southern District of Florida on February 24, 2011. (See Nelson Action, Docket No. 1.) Nelson similarly alleges that LOA "falsely represented to consumers that its LED lamps [would] produce light output equivalent to a particular watt incandescent light bulb or last a particular number of hours." (Id. ¶ 4.) He asserts causes of action for violation of Florida's Deceptive and Unfair Trade Practices Act, for false and misleading advertising, breach of express warranty, breach of implied warranty,

---

[2] Unless otherwise noted, all docket numbers refer to docket entries in this action.

[3] The original case number assigned to the Nelson action when the case was filed in the Southern District of Florida was 1:11-cv-20624-JLK.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 11-01712 JVS(MLGx)                                    Date   June 15, 2012

Title      Nathaniel Schwartz, et al. v. Lights of America, Inc.

intentional misrepresentation, and negligent misrepresentation.  He brings the action on behalf of himself and a class of persons in the United states who purchased LOA's LED lamps within the applicable statute of limitations.  (Id. ¶ 27.)  On July 18, 2011, the District Court for the Southern District of Florida entered an order transferring the Nelson action to this Court.  (Nelson Action, Docket No. 25.)

On September 12, 2011, the Court denied LOA's motion to stay this case and the Nelson Action pending the FTC Action.  (Order Denying Stay, Docket No. 43.)  The Court consolidated the Nelson Action with this case on November 4, 2011.  (Order Consolidating Actions, Docket No. 51.)

Plaintiffs filed the present motion for class certification on April 12, 2012.  They seek to certify a nationwide class ("Class") defined as follows:

> All persons who, between January 1, 2008, to the present, purchased one or more Lights of America, Inc.'s LED bulb(s) represented to last 15, 000 hours or more or that included a "Replaces" representation.  Excluded from the Class are Defendant, its subsidiaries, parents, divisions, or affiliates, and its officers and directors.

(Mot. Br. i.)

II.   Legal Standard

A motion for class certification involves a two-part analysis.  First, Plaintiffs must demonstrate that the proposed class satisfies the requirements of Rule 23(a): (1) the members of the proposed class must be so numerous that joinder of all claims would be impracticable; (2) there must be questions of law and fact common to the class; (3) the claims or defenses of the representative parties must be typical of the claims or defenses of absent class members; and (4) the representative parties must fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a).

Second, a plaintiff must meet the requirement for at least one of the three subsections in Rule 23(b).  Plaintiffs assert that the putative class meets the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 11-01712 JVS(MLGx)                                  Date   June 15, 2012

Title   Nathaniel Schwartz, et al. v. Lights of America, Inc.

requirements for Rule 23(b)(3), which provides that a class may be maintained where common questions of law and fact predominate over questions affecting individual members and where a class action is superior to other means to adjudicate the controversy.

      Plaintiffs bear the burden of demonstrating that Rules 23(a) and (b)(3) are satisfied.  See Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1186 (9th Cir. 2001), amended by 273 F.3d 1266 (9th Cir. 2001).  The Court must rigorously analyze whether the prerequisites of Rule 23 are met.  Gen. Tel. Co. v. Falcon, 457 U.S. 147, 161 (1982).  Rule 23 confers to the district court "broad discretion to determine whether a class should be certified, and to revisit that certification throughout the legal proceedings before the court."  Armstrong v. Davis, 275 F.3d 849, 872, n. 28 (9th Cir. 2001).

      The district court need only form a "reasonable judgment" on each certification requirement "[b]ecause the early resolution of the class certification question requires some degree of speculation."  Gable v. Land Rover N. Am., Inc., 2011 U.S. Dist. LEXIS 90774, at *9 (C.D. Cal. July 2011) (quoting In re Citric Acid Antitrust Litigation, 1996 U.S. Dist. LEXIS 16409 at * 2 (N.D. Cal. Oct. 1996)); see also Blackie v. Barrack, 524 F.2d 891, 901 n.17 (9th Cir. 1975).  Moreover, the court cannot inquire into the merits of a suit to determine whether it may be maintained as a class action.  Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177 (1974).

III.   Discussion

      The Court considers the certification requirements under Rule 23(a) and Rule 23(b)(3).

      **A.   Rule 23(a) Requirements**

      The Court discusses each of the elements of Rule 23(a) in turn.

         1.   Numerosity

Rule 23(a)(1) requires that a class be sufficiently numerous that it would be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | | |
|---|---|---|---|---|
| Case No. | CV 11-01712 JVS(MLGx) | | Date | June 15, 2012 |
| Title | Nathaniel Schwartz, et al. v. Lights of America, Inc. | | | |

impracticable to join all members individually. In this case, LOA has sold more than five million LED lamps during the Class period, and thus the putative class is sufficiently numerous. (Declaration of Howard Bushman in Support of Pls.' Mot. ("Bushman Decl. I"), ¶ 13, Ex. 6, p. 4, Docket No. 60-7.) LOA does not contest that the numerosity requirement is satisfied.

      2.     Commonality

Rule 23(a)(2) requires that questions of law or fact be common to the class. "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." Hanlon v. Chrysler Corp., 140 F.3d 1011, 1019 (9th Cir. 1998). As the Supreme Court recently held, a common question "must be of such a nature that it is capable of classwide resolution – which means that the determination of its truth or falsity will resolve an issue that is central to the validity of each of the claims in one stroke." Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551 (2011).

In this case, the commonality requirement is satisfied because this action involves a common core of salient facts as well as common questions of fact and law. The common questions include (1) whether LOA made Hour Life Rating and Replaces claims on its LED bulbs; (2) whether LOA had sufficient substantiation to make the Hour Life Rating and Replaces claims; and (3) whether LOA's Hour Life Rating and Replaces claims were false. That the case will involve some individual inquiries regarding the various iterations of LOA's packaging does not vitiate the commonality of the factual questions. Indeed, Plaintiffs allege that all the product packaging used during the Class period was unsubstantiated, and thus the issue of false or unsubstantiated advertising claims is largely determinable across the Class.

      3.     Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Under the "permissive standards" of this Rule, "representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." Hanlon, 150 F.3d at 1020. To meet the typicality requirement,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01712 JVS(MLGx) | Date | June 15, 2012 |
|---|---|---|---|
| Title | Nathaniel Schwartz, et al. v. Lights of America, Inc. | | |

Plaintiffs must show that: (1) "other members have the same or similar injury"; (2) "the action is based on conduct which is not unique to the named plaintiffs"; and (3) "other class members have been injured by the same course of conduct." Ellis v. Costco Wholesale Corp., 657 F.3d 970, 984 (9th Cir. 2011).

LOA does not allege that Nelson and Schwartz's claims arise out of conduct unique to them or that their claims are susceptible to unique defenses; rather, LOA argues that they lack standing to bring this action on behalf of the Class. (Opp'n Br. 18-19.) The Court discusses these standing arguments in the adequate representation analysis, infra, under Rule 23(a)(4).

  4.  Adequacy of Representation

Rule 23(a)(4) requires that the representative party "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "This requirement is grounded in constitutional due process concerns: 'absent class members must be afforded adequate representation before entry of a judgment which binds them.'" Evans v. IAC/Interactive Corp., 244 F.R.D. 568, 578 (C.D. Cal. 2007) (quoting Hanlon, 150 F.3d at 1020). Representation is adequate if (1) the named plaintiffs and their counsel are able to prosecute the action vigorously and (2) the named plaintiffs do not have conflicting interests with the unnamed class members. Lerwill v. Inflight Motion Pictures, Inc., 582 F.2d 507, 512 (9th Cir. 1978). The named plaintiffs and their counsel must have "the zeal and competence" necessary to prosecute the action. Fendler v. Westgate-California Corp., 527 F.2d 1168, 1170 (9th Cir. 1975). Proposed class representatives have a conflict of interest with the absent putative class members if they do not have standing to or refuse to assert certain claims that may be available and advantageous to the absent putative class members.[4] See Lierboe v. State Farm. Mut. Auto Ins. Co., 350 F.3d 1018, 1022-23 (9th Cir. 2003) (finding that class representatives must have standing to bring all claims held by the putative class to which they belong and which they

---

[4] Some courts articulate this issue as a "typicality" problem under Rule 23(a)(3), see e.g., Franze v. Equitable Assurance, 296 F.3d 1250 (11th Cir. 2002) (reasoning that "[w]ithout individual standing to raise a legal claim, a named representative does not have requisite typicality to raise the same claim on behalf of the class"); however, many courts in the Ninth Circuit address a class representative's standing as an "adequacy" issue, and thus this Court analyzes the issue under Rule 23(a)(4).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01712 JVS(MLGx) | Date | June 15, 2012 |
|---|---|---|---|

| Title | Nathaniel Schwartz, et al. v. Lights of America, Inc. |
|---|---|

purport to represent).

The Court considers the proposed class representatives individually.

    i.    *Nelson as Class Representative*

Nelson is not an adequate representative because he failed to disclose this lawsuit in the Chapter 7 bankruptcy petition he filed less than one year before filing this complaint, and thus he does not have a right to the claims he asserts. (Def.'s Request for Judicial Notice ("RJN"), Ex. 8, p. 37, Item No. 4(a), Docket 62-2.) On May 1, 2012, Nelson's debts were discharged and his bankrupcy case was closed. (RJN, Exs. 9-10.) Nelson's failure to disclose this lawsuit in his bankruptcy divests him of standing to assert any claims, because the claims remain as property of the estate. 11 U.S.C. § 554(d) ("Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate."); see In re Lopez, 283 B.R. 22, 28 (9th Cir. BAP 2002) (holding that debtor's unlisted cause of action remained property of the estate even after case was closed, inasmuch as it was neither abandoned nor administered); Pace v. Battley, 146 B.R. 562, 564-66 (9th Cir. BAP 1992) (finding that an unscheduled malpractice claim remained in the property of the estate in accordance with § 554(d)). Accordingly, Nelson is not an adequate representative for this class action.

    ii.    *Schwartz as Class Representative*

Schwartz is an adequate representative with respect to Plaintiffs' FAL claim because he has standing to bring that claim and he did not spoliate evidence. LOA argues that Schwartz does not have standing to assert claims regarding the lifetime of LOA's LED lamps because he did not experience a lamp's depletion of luminosity or expiration of "life."[5] It is undisputed that Schwartz purchased a single LOA LED lamp, which he used for less than one hour before filing this complaint. (Deposition of Nathaniel Schwartz ("Schwartz Dep."), 48:15-20, Def.'s Opp'n Br., Ex 18, Docket No. 62-21.) However, Schwartz asserts that he relied on

---

[5] LOA characterizes this as a "typicality" problem because Schwartz did not experience the "same or similar injury" as the other putative class members.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  CV 11-01712 JVS(MLGx)  Date  June 15, 2012

Title  Nathaniel Schwartz, et al. v. Lights of America, Inc.

LOA's "replaces" and lifetime claims in deciding to purchase that lamp, and thus he suffered LOA's alleged misrepresentation at the moment of his purchase. (Declaration of Howard Bushman in Support of Pls.' Reply ("Bushman Decl. II"), ¶ 9, Ex. 2, pp. 72, 89, Docket No. 63-1.) At the hearing, Plaintiffs' counsel analogized Schwartz's position in this case to a driver who purchases a car advertised as including a spare tire. If the car does not have a spare, the purchaser need not wait until she gets a flat tire to experience an injury from the misrepresentation. Similarly, in this case, Schwartz did not have to use the lamp until it expired to suffer the injury of the alleged misrepresentation. Because Plaintiffs pled sufficient facts to show that the lamps did not meet their lifetime guaranty and because Schwartz claims to have relied on that misrepresentation in purchasing an LOA lamp, he has standing to bring the lifetime claim.

Schwartz is an inadequate representative for Plaintiffs' UCL and CLRA claims because he is a Florida resident who purchased the accused product in Florida, and thus he is not subject to California's consumer protection statutes, as discussed infra. Rather, Schwartz is covered by Florida's consumer protection statutes. Accordingly, Schwartz does not have standing to bring a claim under the UCL or CLRA.

Furthermore, even if Schwartz were subject to California's consumer protection statutes, he could not presently bring Plaintiffs' CLRA claim because he failed to comply with one of its prerequisites for commencing an action for damages. Namely, Schwartz did not notify LOA of the alleged CLRA violation or make any demand to rectify it thirty days prior to filing this action. Cal. Civ. Code § 1782. Schwartz sent LOA a demand letter on March 23, 2011, which was 22 days after he filed this action. (Bushman Decl. II, ¶ 17, Ex. 10.) Thus, Schwartz does not have standing to bring this claim. Plaintiffs will have 45 days to replead and may assert a CLRA claim through an adequate representative at that time if they choose to do so. See Deitz v. Comcast Corp., 2006 U.S. Dist. LEXIS 94333, *14-16 (N.D. Cal. 2006) (dismissing a section 1782 claim without prejudice to cure notice defect and re-file); but see Laster v. T-Mobile USA, Inc., 407 F. Supp.2d 1181 (S.D. Cal. 2005) (dismissing CLRA claim with prejudice for failure to comply with notice requirements); Outboard Marine Corp. v. Superior Court, 52 Cal. App. 3d 30, 40-41 (1975) (requiring strict and literal compliance with statutory notice provisions).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  CV 11-01712 JVS(MLGx)                                  Date   June 15, 2012

Title    Nathaniel Schwartz, et al. v. Lights of America, Inc.

In sum, Nelson does not have standing to bring any of Plaintiffs' claims because the rights to any of his potential claims belong to his former estate. Schwartz is an adequate representative for Plaintiffs' FAL claim, but not for the CLRA or UCL claim. Accordingly, Plaintiffs have not satisfied the requirements of Rule 23(a) and presently cannot be certified. The Court nonetheless addresses whether Plaintiffs have met the requirements of 23(b)(3).

### B.    Rule 23(b)(3) Requirements

"'Subdivision (b)(3) encompasses those cases in which a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.'" Kamm v. Cal. City Dev. Co., 509 F.2d 205, 211 (9th Cir. 1975) (quoting Committee notes). A class may be certified under this subdivision where common questions of law and fact predominate over questions affecting individual members, and where a class action is superior to other means to adjudicate the controversy. Fed. R. Civ. Proc. 23(b)(3).

#### 1.    Predominance

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 623 (1997) (citation omitted). The Court must rest its examination on the legal or factual questions of the individual class members. Hanlon, 150 F.3d at 1022. "To determine whether common issues predominate, this Court must first examine the substantive issues raised by Plaintiffs and second inquire into the proof relevant to each issue." Jimenez v. Domino's Pizza, Inc., 238 F.R.D. 241, 251 (C.D. Cal. 2006) (citation omitted).

"There is no definitive test for determining whether common issues predominate, however, in general, predominance is met when there exists generalized evidence which proves or disproves an [issue or] element on a simultaneous, class-wide basis, since such proof obviates the need to examine each class members' individual position." Withers v. eHarmony, Inc., CV 09-2266-GHK (RCx), Order Denying Mot. to Cert. Class, Docket No. 13, June 2, 2010

Case 2:11-cv-01712-JVS-MLG  Document 71  Filed 06/15/12  Page 10 of 19  Page ID #:2083

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  CV 11-01712 JVS(MLGx)                    Date   June 15, 2012

Title   Nathaniel Schwartz, et al. v. Lights of America, Inc.

(quoting In re Vitamins Antitrust Litig., 209 F.R.D. 251, 262 (D.D.C. 2002)) (internal quotation marks omitted). If the applicable law in a case derives from the laws of numerous states, differences in those laws will "compound the disparities" among the putative class members from different states. Gianino v. Alacer Corp., 2012 U.S. Dist. LEXIS 32261, *3-4 (C.D. Cal. Feb. 27, 2012) (quoting Zinser, 253 F.3d at 1189). Indeed, certifying a class in which numerous state laws govern can create a formidable obstacle to fair, efficient adjudication. Id. "Variations in state law can swamp any common issues and interject a multitude of different legal standards governing a particular claim." Id.

To avoid the inevitable problems with applying individual state laws, Plaintiffs urge the Court to apply California's consumer protection statutes across the Class. LOA opposes class-wide application of California law, reasoning that California's choice of law analysis militates against it.

To determine whether the Court may apply California law across the Class, the Court must evaluate California's choice of law rules to determine the controlling substantive law. Zinser, 253 F.3d at 1187 (holding that a federal court sitting in diversity must look to forum state's choice of law rules for controlling substantive law). Under California's choice of law rules, the class action proponent bears the initial burden to show that California has "significant contact or significant aggregation of contacts to the claims of each class member such that application of the forum law is not arbitrary or unfair." Wash. Mut. Bank v. Superior Court, 24 Cal. 4th 906, 921 (2001) (internal quotation marks omitted). This showing is necessary to ensure that application of California law is constitutional. Mazza v. Am. Honda Motor Co., 666 F.3d 581, 589-590 (9th Cir. 2012); see also In re Toyota Motor Corp. Unintended Acceleration Mktg., 785 F. Supp. 2d 925, 927 (C.D. Cal. 2011). In this case, LOA does not dispute that its aggregate contacts with California meet the due process threshold for applying California law to the class members' claims. Indeed, LOA's headquarters is located in California, it manufactures its product almost exclusively in California, and all of its advertisements are created in California. Thus, Plaintiffs have satisfied their initial burden of showing LOA's significant aggregate contacts with California.

If the contacts are sufficient, the burden shifts to the defendant to show "that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 11-01712 JVS(MLGx) | Date | June 15, 2012 |
| Title | Nathaniel Schwartz, et al. v. Lights of America, Inc. | | |

foreign law, rather than California law, should apply to class claims." Id. (quoting Wash. Mut. Bank, 24 Cal. 4th at 921). California law may be applied on a class wide basis only if "the interests of other states are not found to outweigh California's interest in having its law applied." Id. (quoting Wash. Mut. Bank, 24 Cal. 4th at 921). To determine whether the interests of other states outweigh California's interest, courts look to a three-step government interest test:

> First, the court determines whether the relevant law of each of the potentially affected jurisdictions with regard to the particular issue in question is the same or different.
>
> Second, if there is a difference, the court examines each jurisdiction's interest in the application of its own law under the circumstances of the particular case to determine whether a true conflict exists.
>
> Third, if the court finds that there is a true conflict, it carefully evaluates and compares the nature and strength of the interest of each jurisdiction in the application of its own law to determine which state's interest would be more impaired if its policy were subordinated to the policy of the other state, and then ultimately applies the law of the state whose interest would be more impaired if its law were not applied.

McCann v. Foster Wheeler LLC, 48 Cal. 4th 68, 81-82 (Cal. 2010) (citations and quotations omitted).

Because Plaintiffs have satisfied the due process threshold, the Court turns to the three-step government interest analysis, in which LOA carries the burden.

      i.    *Conflict of Laws*

The fact that several states are involved in a class action does not itself indicate that there is a conflict of law problem. Wash. Mut. Bank, 24 Cal. 4th at 919. "A problem only arises if differences in state law are material, that is, if they make a difference in this litigation." Mazza, 666 F.3d at 590.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 11-01712 JVS(MLGx) | Date | June 15, 2012 |
| Title | Nathaniel Schwartz, et al. v. Lights of America, Inc. | | |

In this case, LOA provides comprehensive examples in which California's UCL and CLRA differ from their counterparts in the other 49 states in which putative class members reside. (See Def.'s State Law Variations App., Docket No. 62-1.) For instance, the states have different state of mind requirements. (Id. at 8-10.) Some states require scienter, while others require knowledge or reckless disregard. (Id.) Additionally, some states include at least some reliance requirement, while many others do not. (Id. at 15-16.) There are also material variations in the remedies available under the consumer protection laws: some allow compensatory damages, while others are limited to restitutionary or equitable relief; some allow punitive damages and attorney's fees, while others do not. (Id. at 26-29.) These difference are not trivial. See Mazza, 666 F.3d at 591; Gianino, 2012 U.S. Dist. LEXIS 32261, *11-12; cf. In re Conseco Life Ins. Co. Lifetrend Ins. Sales and Mktg. Litig., 270 F.R.D. 521, 529 (N.D. Cal. 2010) (finding that the laws regarding breach of contract do not vary significantly between the states). In this particular case, the variation in the elements that must be proven could "mean the difference between success and failure." Mazza, 666 F.3d at 591.[6] Thus, the variation in the essential elements of the claims and the remedies available present a material conflict. Given this conflict with respect to the UCL and CLRA claims, the Court must proceed to the second step and determine whether each state has an interest in applying its law in the case.

On the FAL claim, however, LOA does not present any evidence showing that other states have false advertising laws that differ from California's or that those laws are in conflict with California's. Moreover, the FAL provides that "[i]t is unlawful . . . to make or disseminate or cause to be made or disseminated before the public in this state, or to make or disseminate or cause to be made or disseminated from this state before the public in any state" any false and misleading advertising. Cal. Bus. & Prof. Code § 17500 (emphasis supplied). Thus, the FAL explicitly prohibits California businesses from making misrepresentations in California that are disseminated across state lines. See id. If

---

[6] Plaintiffs suggest there is no true conflict between the state laws because "Plaintiffs claims readily satisfy even the most stringent standards for scienter, reliance and damages, which were the principal concerns of the Mazza Court." (Reply Br. 8.) However, Plaintiffs argument requires the Court to evaluate the merits of Plaintiffs' claims, which the Court cannot do at the class certification stage. Eisen, 417 U.S. at 177.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. CV 11-01712 JVS(MLGx)     Date   June 15, 2012

Title     Nathaniel Schwartz, et al. v. Lights of America, Inc.

an FAL claim cannot be certified on a multi-state or nationwide basis, courts cannot give effect to California's prohibition against disseminating false advertising "before the public in any state." As a California company, LOA availed itself of the benefits of doing business in this state. It follows that LOA is also subject to California's limitations on the dissemination of false advertising across state lines. This finding is consistent with Mazza and the three-step government interest test because LOA has not established a conflict of laws with respect to the FAL claim. Furthermore, common issues of fact and law predominate on the FAL claim. Accordingly, the FAL claim satisfies the predominance inquiry under Rule 23(b)(3).

Thus, the Court proceeds to step two analyzing only the UCL and CLRA claims.

        ii.     *Interest of Foreign Jurisdictions*

Honoring the consumer protection laws of each state is important because each state has the authority to permit and proscribe certain conduct within its borders. Mazza, 666 F.3d at 591 ("It is a principle of federalism that 'each State may make its own reasoned judgment about what conduct is permitted or proscribed within its border.'") (quoting State Farm Mut. Auto Ins. Co. v. Campbell, 538 U.S. 408, 422 (2003)). Each state balances its duty to protect consumers from injuries caused by out-of-state businesses with its duty to insulate businesses from what the state may consider excessive regulation or litigation. Id.

In this case, Plaintiffs assert that California's interest in applying its consumer protection laws eclipses any foreign state's interest in having its law applied. Plaintiffs distinguish Mazza, arguing that in that case, defendant Honda Motor Company actively conducted business and affirmatively chose to enter markets in other states through the establishment of dealerships, plants, and offices in multiple states. (Reply Br. 10 (citing Mazza, 666 F.3d at 586-87).) Unlike Honda in Mazza, Plaintiffs argue, here LOA is merely a passive participant in commerce in foreign states through distribution by national retailers. (Id.) Plaintiffs argue that LOA's "active business conduct is confined to California," as LOA is headquartered in California, all of its advertising and marketing decisions are generated in California, and all of its sales emanate directly from California.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 11-01712 JVS(MLGx) | Date | June 15, 2012 |
| Title | Nathaniel Schwartz, et al. v. Lights of America, Inc. | | |

(Id. at 10-11.) Because of LOA's aggregate contacts in California, Plaintiffs reason that the competing consumer and business interests discussed in Mazza are far less compelling here. (Id.)

While the federalism concerns in Mazza may be slightly less pronounced in this case, they are certainly not eradicated. In weighing the competing states' interest, the Mazza court noted that more expansive consumer protection measures "may mean more or greater commercial liability, which in turn may result in higher prices for consumers or a decrease in product availability." Mazza, 666 F.3d at 592. The court further held that states have an interest in balancing the range of products and prices offered to consumers with the legal protections afforded to them. Id. These federalism concerns are implicated in this case because applying California law across the Class could infringe on states' right to balance the range of products and prices available with consumers' legal protections. For example, applying California's relatively strong consumer protection law to a state that provides fewer protections could increase the price of products or decrease the availability of products in that state. Because it is the province of state legislatures to balance consumer rights within their state, foreign states have an interest in having their laws applied when the application of a different state's law would interfere with their policy making ability. In sum, all 50 states have an interest in having their own laws applied to consumer transactions that took place within their borders.

   iii.  *Which State Interest is Most Impaired*

The third step is to "determine which state's interest would be more impaired if its policy were subordinated to the policy of the other state." Mazza, 666 F.3d at 593 (quoting McCann v. Foster Wheller LLC, 48 Cal. 4th 68, 81-82 (2010)). Courts cannot make normative decisions about which state law manifests the "better" or "worthier" social policy. Id. Courts must recognize the basic concepts of federalism, and "should not attempt to apply the laws of one state to behaviors that occurred in another." Id. (quoting S. Rep. No. 109-14, at 62-63 (2005) (discussing the purpose of the Class Action Fairness Act of 2005 ("CAFA"))). Applying California law to a nationwide consumer protection action impairs the ability of foreign states "to calibrate liability to foster commerce." Id. In Mazza, the Ninth Circuit found that the District Court gave too little weight to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 11-01712 JVS(MLGx) | Date | June 15, 2012 |
| Title | Nathaniel Schwartz, et al. v. Lights of America, Inc. | | |

foreign states' interest in promoting business, thereby contravening the aim of CAFA in certifying a nationwide consumer protection action under California law. Id.

Here, California undoubtedly has a significant interest in applying its laws to consumer transactions that took place within its borders. Indeed, LOA has its headquarters in California, almost all of its manufacturing is done in California, and all of its decision making emanates from California. (Reply Br. 10-11.) However, California's interest in having its laws applied consumers who purchased and used LOA's products in other states is much more attenuated. Gianino, 2012 U.S. Dist. LEXIS 32261, *15; see Mazza, 666 F.3d at 593. In fact, California law recognizes that "with respect to regulating or affecting conduct within its borders, the place of the wrong has the predominant interest." Hernandez v. Burger, 103 Cal. App. 3d 795, 802 (1980). Under California law, the wrong is committed in the state where the misrepresentation was communicated. McCann, 48 Cal. 4th at 94 n. 12. Because LOA's products were distributed nationwide through major distributors, the alleged wrongs likely occurred in all 50 states. See Mazza, 666 F.3d at 593-94 (finding "the last events necessary for liability as to the foreign class members–communication of the advertisements to the claimants and their reliance thereon in purchasing vehicles–took place in the various foreign states, not in California"). Each state has a "compelling interest in protecting their consumers from in-state injuries caused by a California corporation doing business within their borders and in delineating the scope of recovery for the consumer under their own laws." Gianino, 2012 U.S. Dist. LEXIS 32261, * 15. Accordingly, the Court finds that interests of foreign jurisdictions would be impaired if the Court applied California consumer protection law across the Class. Instead, each class members' claims must be governed by the law of the state in which the wrong occurred.

Considering that the proposed Class would require application of 50 states' laws, the common questions of fact and law do not predominate over the questions affecting individual class members, as required by Rule 23(b)(3). While this action is well-suited for a class of California residents, a nationwide Class cannot meet the Federal Rules of Civil Procedure. The conflicts between the laws of the various states eclipse any common issues of fact and law that exist.

In sum, the UCL and CLRA claims cannot be sustained as a nationwide

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 11-01712 JVS(MLGx)                              Date   June 15, 2012

Title   Nathaniel Schwartz, et al. v. Lights of America, Inc.

class action under the predominance factor. However, the FAL claim survives the predominance inquiry because the government interests test does not preclude a nationwide FAL claim and common questions of fact and law predominate on that claim.

        2.     Superiority

Second under the Rule 23(b)(3) analysis, the Court considers whether a class action would be superior to individual suits. Amchem, 521 U.S. at 615. A class action is the superior method for managing litigation where common issues will reduce litigation costs and promote great efficiency, and where no realistic alternative to class resolution exists. Valentino v. Carter-Wallace, Inc., 97 F.3d 1227, 1234-35 (9th Cir. 1996). This superiority inquiry requires a comparative evaluation of alternative mechanisms of dispute resolution. Hanlon, 150 F.3d at 1023. In light of the Court's finding that a nationwide class action would require the application of 50 different state laws to the UCL and CLRA claims, the proposed Class is not the superior method of adjudicating those claims. If this matter proceeded as a nationwide class, the Court would have the insuperable task of instructing the jury on the law of 50 different states, and even more daunting, the jury would have to consider the relevant evidence under 50 different legal standards and 50 different remedy schemes. See Gianino, 2012 U.S. Dist. LEXIS 32261, at *17; see Zinser, 253 F.3d at 1192 ("We have previously held that when the complexities of class action treatment outweigh the benefits of considering common issues in one trial, class action treatment is not the superior method of adjudication.") (internal quotations omitted). This exercise would be terribly inefficient, confusing, time consuming, and a waste of judicial resources. See Doll v. Chicago Title Ins. Co., 246 F.R.D. 683, 688-89 (D. Kan., 2007) (declining to certify a class because of the variations in the law of the 18 jurisdictions represented by the putative class); Oxford v. Williams Cos., Inc., 137 F. Supp. 2d 756, 764 (E.D. Tex. 2001) (denying class certification after finding the application of 51 jurisdictions' laws unmanageable). However, adjudicating Plaintiffs' FAL claim on a class-wide basis would be superior to individual or state-specific adjudication because the Court could apply California law uniformly across the class, and the claims involve the same nucleus of facts. The common issues, namely, analysis of the advertising claims, will make class-wide adjudication more efficient and cost-effective than individual litigation. Furthermore, given the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | | |
|---|---|---|---|---|
| Case No. | CV 11-01712 JVS(MLGx) | | Date | June 15, 2012 |
| Title | Nathaniel Schwartz, et al. v. Lights of America, Inc. | | | |

relatively small potential recovery of individual plaintiffs, a class action may be the superior method for enforcing an FAL claim. See Galvan v. KDI Distrib., 2011 U.S. Dist. LEXIS 127602, *36 (C.D. Cal. Oct. 25, 2011) (finding class action superior where individual recovery is likely insubstantial).

LOA also argues that any class action is an improper vehicle for relief in this matter in light of the pending FTC Action arising from the same set of facts. (Opp'n Br. 4.) Further, LOA argues, FTC has sought relief on behalf of affected consumers in the United States, and thus any potential class action relief would be duplicative. (Id. (citing FTC Action, Compl. ¶¶ 96-97, Docket No. 42; Schwartz Compl. ¶ 48).) LOA likens this case to Kamm v. California City Development Company, 509 F.2d 205 (9th Cir. 1975), in which a class action was found to be inferior in light of proceedings already brought by the state Attorney General and Real Estate Commissioner. (Opp'n Br. 6.) The plaintiffs in Kamm were investors who had purchased property through an allegedly fraudulent land promotion and sales scheme. Kamm, 509 F.2d at 206. Concurrently with the putative class action, the California Attorney General and Real Estate Commissioner filed a representative action in state court, and reached a settlement that provided for certain remedies to purchasers, including restitution and injunctive relief under the state court's continuing jurisdiction. Id. at 207. The state court action was "superior" because it involved "a remedy which has already been instituted" and "significant relief had been realized in the state action." Id. at 211-12.

However, in this case, the FTC Action does not foreclose a class action on the same facts because the putative class members have not received any relief and LOA continues to challenge the class members' right to recover. Unlike Kamm, in which remedies had "already been instituted" and the purchasers obtained meaningful relief, here, remedies have not been determined in the FTC Action and LOA contests the award of any remedy. Further unlike Kamm, no settlement has been reached in this action and it is uncertain what, if any, remedies will be awarded to consumers in the FTC Action. Because the distribution of relief in Kamm was the primary factor in finding that the state action was superior, this case is fundamentally distinguishable. See Cartwright v. Viking Indus., 2009 U.S. Dist. LEXIS 83286, *47 (E.D. Cal. Sept. 14, 2009) (finding that the most important distinction between that case and Kamm was that in the latter relief had been

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01712 JVS(MLGx) | Date | June 15, 2012 |
|---|---|---|---|
| Title | Nathaniel Schwartz, et al. v. Lights of America, Inc. | | |

accorded and in the former it had not).

Furthermore, as the Court discussed in the order denying LOA's motion to stay this case, the fact that both the FTC and Plaintiffs seek restitution for consumers does not foreclose concurrent litigation or make one action the superior or exclusive method for adjudication. (FTC Action, SACV 10-1333, Docket No. 43.) In that order, the Court reasoned:

> Although the FTC is also seeking monetary restitution on behalf of consumers, there is no indication how much each consumer would receive based on the outcome of that action, how the distribution of any restitution would proceed, or how long it would take to distribute the restitution to consumers like Schwartz. Additionally, from the perspective of consumers, it is unclear that the available remedies in the FTC action would be co-extensive with the remedies in this action.

Id. Thus, the existence of the FTC Action does not foreordain the result of a superiority analysis and would not preclude certification of a more narrowly tailored class action. To the extent that an potential award or settlement in this action risks duplicating an award or settlement in the FTC Action, the Court could modify the remedies accordingly, as both actions are before this Court.

In sum, a nationwide class action is the superior method for adjudicating the FAL claim, but not the UCL or CLRA claim. The Court opines that a more narrowly tailored subclass for the UCL and CLRA claims with adequate class representatives may be appropriate.

IV. Conclusion

The Court is inclined to certify a nationwide class on the FAL claim and to certify Schwartz as a class representative with respect to that claim. At the hearing, Plaintiffs expressed interest in proposing a more narrowly tailored Class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  CV 11-01712 JVS(MLGx)  Date  June 15, 2012

Title  Nathaniel Schwartz, et al. v. Lights of America, Inc.

for certification. Accordingly, Plaintiffs have 45 days to replead. Plaintiffs' present motion for class certification is DENIED.

IT IS SO ORDERED.

00 : 00

Initials of Preparer  ag